UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL 'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07765-CAS-PVCx | Date | September 14, 2026 |
| Title | Philadelphia Indemnity Insurance Company v. Peoples Self-Help Housing Corporation et al | | |

| | |
|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER |

| | | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Efran Shariat | James Wagoner<br>Lejf Knutson |

**Proceedings:** ZOOM HEARING RE: PEOPLE'S SELF-HELP HOUSING CORPORATION AND THE DUNCAN GROUP'S MOTION TO DISMISS COMPLAINT (Dkt. 21, filed on August 14, 2026)

## I. INTRODUCTION

On July 16, 2026, plaintiff Philadelphia Indemnity Insurance Company (the "Insurer") filed this action against defendants People's Self-Help Housing Corporation and the Duncan Group (collectively, the "Insureds"); defendants Gregory Hood, Anasuya Hood, a minor, by and through her guardian ad litem, Gregory Hood (the "Hoods"); and defendants Rose Salitore, and Isaiah Salitore, a minor, by and through his guardian ad litem, Rose Salitore (the "Salitores")[1]. Dkt. 1 ("Compl."). The Insurer seeks a declaratory judgment from this Court that it does not owe a duty to indemnify the Insureds against any liability arising from the underlying state court actions in which the Hoods and the Salitores (collectively, the "Underlying Plaintiffs") assert claims for personal injury and residential toxic exposure against Insureds. Id. at 12-13. The Insurer also seeks a declaratory judgment that the Underlying Plaintiffs are "bound by the coverage determinations of this Court in this [federal] action." Id.

[1] At the September 14, 2026 hearing, the Court instructed counsel to submit to the magistrate judge documents evidencing the appointment of Gregory Hood and Rose Salitore as guardians ad litem in the underlying actions.

On August 14, 2026, the Insureds filed the instant motion to dismiss the Insurer's complaint. Dkt. 21 ("Mot."). On August 24, 2026, the Insurer filed an opposition. Dkt. 27 ("Opp."). On August 31, 2026, the Insureds filed a reply. Dkt. 29 ("Reply").

On September 14, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

The Insurer alleges the following in its complaint.

### A. Parties

Plaintiff Insurer is incorporated in Pennsylvania with its principal place of business in Bala Cynwyd, Pennsylvania. Compl. ¶ 3.

Defendants Insureds are California Nonprofit Public Benefit Corporations with principal places of business in San Luis Obispo, California. Id. ¶¶ 5, 6.

Defendants Underlying Plaintiffs are all residents of San Luis Obispo, California, and were, at all relevant times, tenants at the Sea View Apartment Complex in Pismo Beach, California ("Sea View"), which is owned and managed by the Insureds (People's Self-Help Housing Corporation and the Duncan Group, respectively). Id. ¶¶ 7, 8, 12-16.

### B. Policies

The Insurer issued primary Commercial Lines Policy No. PHPK2385673 to the Insureds for the period March 1, 2022 to March 1, 2023, and has issued consecutive primary policies to the Insureds since March 1, 2011 (the "Primary Policies"). Id. ¶¶ 27-28.

Each of the Primary Policies contain a Fungi or Bacteria Exclusion endorsement ("Fungi or Bacteria Exclusion"), which states in relevant part:

///

///

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to Paragraph 2.

**Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability:**

**2. Exclusions**

This insurance does not apply to:

Fungi Or Bacteria

a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

///

///

B. The following exclusion is added to Paragraph 2.

> **Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:**
>
> **2. Exclusions**
>
> This insurance does not apply to:
>
> **Fungi Or Bacteria**
>
> a. “Personal and advertising injury” which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any “fungi” or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.
>
> b. Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, “fungi” or bacteria, by any insured or by any other person or entity.

C. The following definition is added to the **Definitions** Section:

> “Fungi” means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

Id.

The Insurer also issued Commercial Umbrella Liability Insurance Policy No. PHUB805208, effective March 1, 2022 to March 1, 2023 to the Insureds, and has issued consecutive Commercial Umbrella Liability Insurance policies to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL 'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07765-CAS-PVCx | Date | September 14, 2026 |
| Title | Philadelphia Indemnity Insurance Company v. Peoples Self-Help Housing Corporation et al | | |

Insureds since March 1, 2014 (the "Umbrella Policies") (collectively, the Primary Policies and Umbrella Policies are referred to as the "Policies"). Id. ¶ 29.

The Fungi or Bacteria Exclusion in the Umbrella Policies states in relevant part:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL UMBRELLA LIABILITY INSURANCE POLICY
>
> A. **SECTION I – COVERAGES, 3. Exclusions** is amended to include the following additional exclusion:
>
> This insurance does not apply to:
>
> Fungi Or Bacteria
>
> 1. "Bodily injury," "property damage," or "personal and advertising injury" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.
>
> 2. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

///

///

///

| Case No. | 2:26-cv-07765-CAS-PVCx | Date | September 14, 2026 |
|---|---|---|---|
| Title | Philadelphia Indemnity Insurance Company v. Peoples Self-Help Housing Corporation et al | | |

B. **SECTION V – DEFINITIONS** is amended to include the following additional definition:

> "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

Id. ¶ 30.

### C. Underlying State Court Actions

In November 2022, the Underlying Plaintiffs, in separate suits (the "Hood Action" and the "Salitore Action"; collectively, "Underlying Actions"), filed complaints against the Insureds in San Luis Obispo County Superior Court, alleging claims for personal injury and residential toxic exposure. Id. ¶¶ 12-15. The Underlying Plaintiffs' causes of action include "general negligence, intentional tort, premise liability, breach of contract, and fraud/concealment." Id. The Underlying Plaintiffs generally allege that the "Insureds were negligent in their failure to exercise ordinary care in the ownership, management, inspection, rental, leasing, repair, control, remediation, and supervision of their respective Sea View apartment units" and that the "Insureds' negligence caused water leaks and/or water intrusion events and resulting water damage, which caused their units to become contaminated with harmful and unsafe levels of contaminants, including mold spores, mycotoxins, endotoxins, bacteria, MVOCs, viral compounds, asbestos, lead, dust mites and other toxic and/or allergenic contaminants." Id. ¶ 15.

On March 21, 2023, the Hood Action and the Salitore Action were consolidated in Steven Duke v. The Duncan Group Corp., et al., case no. 22CV-0602, in the San Luis Obispo County Superior Court. Id. ¶ 16. Following consolidation, the claims of Steven Duke were resolved by settlement and are no longer part of the consolidated action. Id.

On January 29, 2025, Underlying Plaintiffs filed separate First Amended Complaints (the "Hood FAC" and the "Salitore FAC"), both adding allegations of gross negligence by the Insureds and a prayer for punitive damages. Id. ¶ 18. Both the Hood FAC and the Salitore FAC further allege that as a result of their respective Sea View units becoming contaminated and uninhabitable, the Underlying Plaintiffs have suffered bodily injury from exposure to mold. Id. ¶ 19-22.

### D. The Insurer's Defense of the Insureds

On or around November 11, 2022, the Insureds tendered the Underlying Actions to the Insurer. Id. ¶ 23. The Insurer agreed to defend the Insureds in response to the Underlying Actions subject to reservation of rights letters sent January 8, 2023 in response to the Salitore tender, and March 1, 2023 in response to the Hood tender. Id. ¶ 24. To date, the Insurer continues to defend Insureds. Id. ¶ 25. In each reservation of rights letter, the Insurer reserved its rights under the policies and the law to disclaim coverage for all or part of any claim at issue in the Underlying Actions. Id. ¶ 26.

## III. LEGAL STANDARD

### A. Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss." Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010). In the context of a 12(b)(1) motion, the plaintiff the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met. Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). Rule 12(b)(1) jurisdictional challenges can be either facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When a motion to dismiss attacks subject-matter jurisdiction on the face of the complaint, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009).

### B. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal when the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## IV. DISCUSSION

The Insureds move to dismiss on the basis of subject-matter jurisdiction arguing that the case is not ripe for adjudication because (1) the Underlying Actions have not yet determined whether there is any liability to the Insureds, and therefore the Insurer's duty to indemnify has not been triggered; and (2) it is speculative for the Insurer to contend that any judgment entered against the Insureds will be barred from coverage due to the Exclusion, given that the Underlying Plaintiffs allege injuries stemming from other causes that fall outside of the Exclusion. Mot. at 5-11. In the alternative, the Insureds argue that the Court should dismiss the action pursuant to Rule 12(b)(6) for failure to state a claim because the Insurer "cannot show that [the Exclusion] conclusively eliminate all potential indemnity" obligations under California law. Id. at 11-13.

In opposition, the Insurer argues that there is no ripeness issue because "[t]he relevant controversy concerns the legal effect of [the Exclusion] on allegations already asserted in the Underlying Actions" and this action presents the question of "whether the Policies afford coverage for the injuries and damages alleged." Opp. at 12-13. The Insurer further argues that "the application of [the Exclusion] to the allegations of the underlying complaints raises 'a cognizable legal theory' sufficient to state a claim upon which relief may be granted and defeats a motion to dismiss under FRCP Rule 12(b)(6)." Id. at 8-12.

In reply, the Insureds largely repeat their arguments. See generally Reply.

### A. Subject Matter Jurisdiction

The Declaratory Judgment Act authorizes "any court of the United States" to "declare the rights and other legal relations of any interested party," so long as that party presents "a case of actual controversy" within the court's jurisdiction. 28 U.S.C. § 2201(a). The Ninth Circuit has established a two-part test, often referred to as the Kearns test, to evaluate challenges to the court's subject matter jurisdiction over a plaintiff's claims for declaratory relief. Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005) (citing Am. States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994)). First, the court must determine "whether there is an actual case or controversy within its

jurisdiction.” Id. “Second, if the court finds that an actual case or controversy exists, the court must decide whether to exercise its jurisdiction by analyzing the factors set out in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), and its progeny.” Id. (citing Kearns, 15 F.3d at 143-44).

For the reasons discussed below, the Court finds it has jurisdiction to determine the respective rights, duties, and obligations between the parties under the provisions of the Policies.

1. Case or Controversy

The requirement that a case or controversy exist under the first Kearns prong is “identical to Article III’s constitutional case or controversy requirement.” Kearns, 15 F.3d at 143. “Article III requires that there be a ‘substantial controversy . . . *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment.’” Aydin Co. v. Union of India, 940 F.2d 527, 528 (9th Cir. 1991) (emphasis in original) (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)); see also Grange Ins. Ass’n v. Lautenschlager, No. 3:19-CV-153-DWM, 2019 WL 5104746, at *1 (D. Idaho Oct. 11, 2019) (“For an ‘actual controversy’ to exist, a case must be ripe for review under Article III of the United States Constitution.”) (citing Kearns, 15 F.3d at 143).

Here, the Insurer’s declaratory relief action concerning its duty to indemnify alleges that under the operative insurance Policies, “coverage is barred” to the Insureds for all of the claims alleged in the underlying state actions. Opp. at 8. To the contrary, the Insureds argue that the Exclusion does not bar “all potential indemnity coverage for even non-fungi and non-bacteria related injuries.” Reply at 3. The parties thus dispute the scope of coverage obligations imposed by the Policies, and the Court concludes that their adverse legal positions are sufficient to satisfy the jurisdictional prerequisite of ripeness. See Northfield Ins. Co. v. Civic Ctr. Hotel, LLC, 239 F. Supp. 3d 1163, 1171 (N.D. Cal. 2017) (concluding that the declaratory relief claim concerning the insurer’s duty to indemnify was sufficiently ripe because “the parties dispute the scope of coverage obligations”); Evanston Ins. Co. v. Harrison, No. 2:20-cv-01672 WBS KJN, 2020 WL 6784463, at *6 (E.D. Cal. Nov. 18, 2020) (concluding the same because “under Kearns, claims for declaratory relief as to an insurer’s duty to indemnify an insured in an underlying action that is still pending are sufficiently ripe for review”).

Furthermore, the Court is unpersuaded by the Insureds' argument that the action is not ripe because their liability has not been determined in the Underlying Actions yet. "That a defendant's liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action, and the [Declaratory Judgment] Act allows a plaintiff to bring a claim in certain cases of unresolved contingencies." Progressive Cas. Ins. Co. v. Dalton, No. 2:12-CV-00713-MCE, 2012 WL 6088313, at *5 (E.D. Cal. Dec. 6, 2012).

Indeed, the Ninth Circuit has "consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement." Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1222, n. 2 (9th Cir. 1998). In Merritt, the Ninth Circuit specifically stated that "we know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." Aetna Casualty and Sur. Co. v. Merritt,974 F.2d 1196, 1199 (9th Cir. 1992) (Merritt).

And California courts have held similarly. See, e.g., Armstrong, 45 Cal. App. 4th at 108.2 (holding that, although "in a declaratory relief action held before the insured's liability has been established, the trial court cannot determine the amount of the insured's indemnity obligation," the court may still issue declaratory relief as to "whether the claim is covered by the policy").

Finally, to the extent that the Insureds argue that this case is distinguishable from Maryland, Kearns, and Merritt because the Insurer in this case seeks a declaratory judgment only as to its duty to indemnify, this Court sees no reason to reach a different result here on that basis. See Travelers Prop. Cas. Co. of Am. v. Lineage Logistics, LLC, No. 2:24-CV-00835-MEMF, 2024 WL 5220880, at *3 (C.D. Cal. Dec. 23, 2024) (reasoning that the Maryland Court "did not distinguish between the [duty to defend and the duty to indemnify]" or "rely on reasoning solely applicable to the duty to defend").

Accordingly, the Court finds that it has subject matter jurisdiction.

2. Brillhart considerations favor a stay

Even when a plaintiff's claims for declaratory relief present the court with a "case or controversy" under Article III, the Court must decide whether to exercise its discretion to assert jurisdiction over those claims. Kearns, 15 F.3d at 143.

The Supreme Court has provided guidance for the exercise of the district court's discretionary decision whether to entertain declaratory relief. See Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942) (Brillhart). Essentially, the district court "must balance concerns of judicial administration, comity, and fairness to the litigants." Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991). The Brillhart factors are non-exhaustive, and the Ninth Circuit has "allowed district courts *broad* discretion as long as it furthers the Declaratory Judgment Act's purpose of enhancing 'judicial economy and cooperative federalism.'" Dizol, 133 F.3d at 1224 (emphasis added).

Under Brillhart, a district court has the discretion to dismiss or stay a cause of action. Travelers Indem. Co. of Conn. v. BNSF Ry. Co., No. 24-CV-06319-HSG, 2025 WL 1927687, at *2 (N.D. Cal. July 14, 2025). Where a district court declines jurisdiction due to "the pendency of a state proceeding, a stay will often be the preferable course" of action. Wilton v. Seven Falls Co., 515 U.S. 277, 288 n.2 (1995); see also Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Here, considerations of judicial economy strongly counsel in favor of a stay. The parties' dispute over coverage may be mooted by a potential determination in the underlying state court actions. Further, a stay will avoid refiling of this action if that becomes necessary. This Court therefore declines to exercise its jurisdiction over the Insurer's declaratory judgment action at this time and stays the case pending the resolution of the Underlying Actions.

### B. Failure to State a Claim

Because the Court determines that a stay is appropriate, the Court does not reach the Insureds' Rule 12(b)(6) argument. See Harrison v. Capital Group Cos., 2009 WL 3272071, at *5 (C.D. Cal. Oct. 9, 2009) (declining to reach 12(b)(6) arguments because "a stay in this matter is appropriate"); Jensen v. Skagit Cnty., No. 2:25-CV-01304-JHC, 2026 WL 2110666, at *6 (W.D. Wash. July 22, 2026) ("And because the Court determines that a stay is appropriate, the Court does not reach Defendants' Rule 12(b)(6) argument.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07765-CAS-PVCx | Date | September 14, 2026 |
| Title | Philadelphia Indemnity Insurance Company v. Peoples Self-Help Housing Corporation et al | | |

## V. CONCLUSION

The Court **STAYS** this case pending resolution of the underlying state proceedings without prejudice. On an appropriate showing, the Insurer may move to lift the stay.

Because the Court stays this action, the Insureds' motion to dismiss is **DENIED** without prejudice.

IT IS SO ORDERED.

00 : 16

Initials of Preparer CMJ